**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| THAO T. LE, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL ONE AUTO FINANCE, et al., <br><br> Defendants. | Case No. 18-cv-05647-BLF <br><br> **ORDER GRANTING MOTION TO REMAND** <br><br> [Re: ECF 24] |

Before the Court is Plaintiff's motion to remand. *See* ECF 24. The Court finds the motion appropriate for submission without oral argument. *See* Civ. L.R. 7-1(b). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion to remand.

**I.      BACKGROUND**

On August 10, 2018, Plaintiff Thao T. Le filed this action in the superior court of California, County of Santa Clara. *See* Not. of Removal, Ex. B ("Compl."), ECF 3. Through his Complaint, Plaintiff seeks to "gain the release of all liens and encumbrances on title to" and to maintain possession of an automobile. *See id.* ¶ A.i. Plaintiff claims that the Defendant creditors "refuse[] to cease and desist their involvement with the Vehicle and surrender possession of the property title to PLAINTIFF or issue a RELEASE." *Id.* ¶ 3. Though the Complaint is not entirely clear as to its claims, it alleges that "Defendants jointly and severally at all times material are believed to have had a common scheme and plan which involved misrepresentation through threats, duress, and coercion to mislead" Plaintiff. *Id.* ¶ f.6. He also alleges that the Defendant credit reporting entities are reporting negative information about Plaintiff and his credit. *Id.* ¶ f.8. The only law he mentions is "common law . . . state fair debt collection law, and consumer protection laws." *Id.* ¶ A.i. He also alleges intrastate and/or interstate private securities laws

violations "[a]ll in violation of local state laws." *Id.* ¶ g.2.

On September 14, 2018 Defendant Trans Union, LLC filed a notice of removal to federal court based on federal question jurisdiction under 28 U.S.C. § 1331. Not. of Removal. ¶ 3. In its notice, Trans Union claims that federal question jurisdiction is appropriate because:

> Plaintiff alleges that Trans Union "reported the negative [credit] information to others . . . including the negative remarks created by the [sic] Capital One Auto Finance" that was "scheduled to be removed by law" and as a result Plaintiff is "negatively impacted in credit availability." Plaintiff requests relief from Defendants that the "negative remarks regarding a claim of default and any negative reporting should be removed from the credit bureaus reports."

*Id.* ¶ 2 (citations omitted). Trans Union claims these allegations "implicate" the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq. Id.*

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil suit from state court to federal court if the action could initially have been filed in federal court unless Congress expressly provides otherwise. *See, e.g., Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). However, all such "removal statutes are strictly construed against removal," *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008), and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Because of this "strong presumption against removal jurisdiction," the party seeking removal "always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted). But "a plaintiff seeking remand has the burden to prove that an express exception to removal exists." *Luther*, 533 F.3d at 1034.

When, as here, removal is based on the presence of a federal question, the court looks to the face of the well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)). "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

2

## III. DISCUSSION

In his motion, Plaintiff argues that this Court does not have federal question jurisdiction because the state court can adequately consider and decide the case, and because, as the "master of [his] complaint," he had the right to "freely choose the[] venue and forum" for his case, which "is not federal court." Mot. at 2. In opposition, Trans Union restates assertions from its notice of removal that Plaintiff's allegations "implicate" the FCRA. *See* Opp. at 2–6, ECF 25. Though it "acknowledges that Plaintiff's claims and allegations may also implicate California's Consumer Credit Reporting Agencies Act," it argues that the Complaint seeks relief under both state and federal law. *Id.* at 3. Trans Union also argues that Plaintiff's list of laws under which he brings his claims incorporates federal law because it ends with an "etc." and because a letter Plaintiff sent to Trans Union, which it alleges is incorporated into the Complaint by reference, references 15 U.S.C § 1681, *et seq.* Opp. at 2–3.

The Court agrees with Plaintiff. As Trans Union concedes, none of Plaintiff's causes of action are alleged under federal law. In fact, while Plaintiff's Complaint contains explicit references to state law, it makes no mention of any federal law. As the master of his Complaint, Plaintiff has chosen to bring claims under these state laws, as Trans Union recognizes he can do under California law. Trans Union's reliance on Plaintiff's stray "etc." at the end of this list of laws does not change that fact and does not overcome the strong presumption in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). Likewise, even assuming Plaintiff's letter is fully incorporated into the Complaint, no similar reference is made in the Complaint itself, and thus the letter has no bearing on what claims Plaintiff ultimately decided to pursue in this litigation. Thus, the Court finds that there is no federal question jurisdiction on the face of the well-pleaded Complaint and that the motion to remand must be GRANTED. The Court is assured of the correctness of this result given Judge Davila's decision to remand a nearly identical complaint based on a nearly identical notice of remand in *Nguyen v. US Bank*, No. 18-cv-5648-EJD, Dkt. 20 (Sept. 28, 2018). The Court finds that decision well-reasoned and persuasive and remands for the same reasons.

**IV. Order**

For the foregoing reasons, the Court REMANDS this case back to the Santa Clara County Superior Court for lack of subject matter jurisdiction.

The Clerk shall REMAND this case to Santa Clara County Superior Court. All other matters are TERMINATED and VACATED, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: November 1, 2018

_____
BETH LABSON FREEMAN
United States District Judge